IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS MANUEL CALZADO DIAZ, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | Case No. 3:25-cv-458 |
| SECRETARY KRISTI NOEM, ) | Judge Stephanie L. Haines |
| *SECRETARY, U.S. DEPARTMENT OF* ) | |
| *HOMELAND SECURITY, et al.*, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM ORDER**

Pending before the Court is Respondents' "Motion for Reconsideration of Order of Court (ECF 17) and Opinion (ECF 16)[.]" (ECF No. 19). Upon consideration of that Motion, which the Court construes as a Notice of Suggestion of Mootness,[1] and for the following reasons, the Court finds that Respondents need not provide Petitioner Carlos Manuel Calzado Diaz ("Mr. Calzado Diaz") with a bond hearing.

**I.  Background**

On December 15, 2025, this Court issued an Opinion finding that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2), governed Mr. Calzado Diaz's detention. (ECF No. 16 at 12). As a result, the Court issued an Order requiring Respondents to afford Mr. Calzado Diaz a bond hearing in accordance with § 1226(a) and all related provisions of law within seven (7) days. (ECF No. 17).

Then, on December 16, 2025, Respondents filed their Motion at ECF No. 19. Therein, they informed the Court that, on December 15, 2025, Mr. Calzado Diaz "was granted pre-conclusion

---

[1] It is not clear to the Court whether Respondents' Motion at ECF No. 19 is best classified as a Motion for Reconsideration, a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60, or something else. Regardless, in light of the need for expeditious resolution of Respondents' request, as well as the legal clarity of the issues presented by their request, the Court simply deems the Motion a Notice of Suggestion of Mootness and acts accordingly. In doing so, the Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this Memorandum Order.

voluntary departure under INA § 240B(a), in lieu of removal, on or before January 14, 2026. [Mr. Calzado Diaz] waived all appeals." (ECF No. 19 at 1–2). Therefore, Respondents contend that this matter is now moot. (*Id.* at 2).

## II.     Discussion

Because Mr. Calzado Diaz has consented to voluntary departure, and both he and DHS have waived any appeal from the Immigration Judge's Order, (ECF No. 19-1 at 4), it appears to the Court that Mr. Calzado Diaz now has a final order of removal. *See Okeyo v. Att'y Gen. U.S.*, 561 F. App'x 167, 168 n.1 (3d Cir. 2014) ("The IJ's December 13, 2010, order granting [Petitioner] voluntary departure but finding him removable constitutes an order of removal. That order appears to have become final upon entry because it appears that [Petitioner] waived appeal, and he has not argued otherwise.") (cleaned up).

Further, now that Mr. Calzado Diaz has a final order of removal, his challenge to his detention under § 1226(a) is mooted, he is detained under 8 U.S.C. § 1231(a), and the Attorney General must detain Mr. Calzado Diaz for the 90 days that the Attorney General has to remove him from the country. *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009) ("[I]nsofar as [Petitioner] challenged the lawfulness of his detention pursuant to 8 U.S.C. § 1226(c), and he is no longer in custody pursuant to that statute, his appeal is moot … Under 8 U.S.C. § 1231(a), the post-final order of removal detention statute, the Attorney General must detain [Petitioner]. The Attorney General has 90 days to remove [him] from the United States after his final order of removal.") (cleaned up).

Therefore, the Court finds that Mr. Calzado Diaz is no longer detained pursuant to § 1226(a), but rather § 1231(a), which moots this Court's Order of a bond hearing.

Accordingly, the Court enters the following Order:

**<u>ORDER</u>**

AND NOW, this 17th day of December, 2025, for the reasons set forth in the foregoing Memorandum Order, the Court finds that the Court's directive to Respondents to provide Mr. Calzado Diaz with a bond hearing within seven (7) days of the date of the Order at ECF No. 17 is MOOT. Respondents need not provide Mr. Calzado Diaz with a bond hearing at this time. However, the Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this Memorandum Order. The Clerk shall terminate the filing at ECF No. 19 and leave this case closed.

BY THE COURT:

/s/ Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE